## DUNN et al. v. ALLEN et al.

### No. 10863.

Court of Civil Appeals of Texas. Dallas.

Sept. 27, 1933.

Fred J. Dudley, of Dallas, for relators.

Muse & Muse, of Dallas, for respondents.

BOND, Justice.

Mrs. Emma Louisa Dunn and husband, C. V. Dunn, instituted this proceeding against Hon. R. B. Allen, Sr., judge of the 116th district court of Dallas county, and J. R. McAtee, official court reporter, for a writ of mandamus, to require said judge to order said court reporter, and that said reporter be required to prepare, certify, and file statement of facts and transcript in the case of Stidham & Thrasher v. Indian State Oil Company of Texas et al., No. 96346—F, tried in a district court of Dallas county, and in which the said R. B. Allen, Sr., was the judge and J. R. McAtee was the shorthand reporter.

The relevant facts disclosed by the record are that Stidham & Thrasher instituted suit in said district court against the Indian State Oil Company of Texas, and secured the appointment of a receiver to take charge of oil properties situated in the East Texas oil field, alleged to belong to said company, and under such appointment the receiver proceeded to administer the affairs of said company. In due course, relators, Dunns, were made parties defendant, and filed their pleas of intervention in said cause, claiming an interest in the properties then in the hands of the receiver. The receiver denied the justness of said relators' claims, and this disputed issue is now pending before a master in chancery for an ultimate decision. The interveners filed in said court an original application, in the nature of an independent suit, to enjoin the receiver from paying out any funds held by him, pending the determination of the issue by the master, and, in the alternative, asked for an order directing the receiver to set aside and create, from moneys on hand and that to accumulate from oil produced and sold, a fund, to pay the interveners' claim thereto, which claim is the basis of the controversy now pending before the master in chancery. The petition is full and complete, raising the issue as to the right of interveners to the writ of injunction; the trial court had jurisdiction of the persons and res, and, on said hearing, evidence on such issue, pro and con, was introduced. The court denied the injunction, refused to stay the proceedings to expend funds, and to order the receiver to impound money to await the action of the trial court and master in chancery. The Dunns gave notice of appeal from the order of the court, denying the injunction, and, in due time, filed with the clerk of said court affidavits, in statutory form, of their inability to pay the costs of appeal, or to give security therefor, which affidavits were not contested. Thus, the filing of the affidavits had the effect of perfecting the appeal to this court; thereupon, said interveners requested respondent McAtee to prepare a transcript of the testimony, as provided by law, and the respondent Allen to order the preparation of such transcript for the appeal. The requests were denied; thus, this proceeding.

Article 2249, R. S., provides that an appeal may be taken to the Court of Civil Appeals from each final judgment of a district court in civil cases; relators were refused injunctive relief, restraining the receiver from dissipating property in which they had an alleged interest and in placing it beyond the reach of their rights, and were denied their petition to impound the funds, so that

it would be available in the event they were successful in the litigation. Therefore, the judgment of the court, denying to the petitioner the rights prayed for, the controversy raised by the petition, the answer of the receiver and evidence, became final so far as the trial court was concerned; thus appealable.

Article 2266, R. S. 1925, as amended by the 42nd Legislature, c. 134, § 1 (Vernon's Ann. Civ. St. art. 2266), provides: "Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall, nevertheless, be entitled to prosecute an appeal by making strict proof of such inability, which shall consist of his affidavit filed with the Clerk of Court stating that, he is unable to pay the costs of appeal, or any part thereof, or to give security therefor, * * * and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive. * * * "

Article 2278a (Vernon's Ann. Civ. St.) provides: "In any civil case where the appellant or plaintiff in error has made the proof required to appeal his case without bond, such party shall make affidavit to such fact, and upon the making and filing of such affidavit the court shall order the official reporter to make a transcript in narrative form in duplicate, and to deliver the same to said party, but such court reporter shall receive no pay for same."

Since the record discloses that relators filed such affidavits and proof, required by law, to enable them to appeal from the final judgment, they are entitled to have the benefits of the reporter's transcribed notes on appeal, without cost or giving security for the fees due the reporter for such transcript. Court reporters are officials of the state; their time is remunerated by a salary to take care of cases of this nature, and they have no alternative in such matters. The law left nothing to the discretion of the reporter; it is mandatory, and the reporter must prepare, certify, and file the transcript of facts when the appealing party has complied with the terms of the statutes. It was also a mandatory duty of the trial court to have ordered the reporter to prepare and furnish the transcript; however, failing to make the order, the reporter cannot be heard to say that he was acting under the authority of the court in refusing to perform his official duty. "That a court stenographer may be compelled by mandamus proceedings to transcribe his shorthand notes of the proceedings, taken by him by virtue of his appointment we think is no longer an open question." Otto v. Wren et al. (Tex. Civ. App.) 184 S. W. 350, 352.

We conclude that Hon. R. B. Allen, Sr., and J. R. McAtee, judge and reporter, respectively, in the trial of the injunction in the case of Stidham & Thrasher v. Indian State Oil Company of Texas, No. 96346—F, in the 116th district court of Dallas county, in refusing to perform the duties prescribed by law, thus depriving appellants of the transcript of the testimony prescribed by statute, it becomes our duty, in support of relators' application, to order respondent J. R. McAtee to transcribe the testimony in statutory form, and to transcribe the other proceedings recorded by him on the hearing of the injunction proceedings, and certify same to the trial court for his approval, and it is so ordered. It can serve no purpose for this court to order the respondent R. B. Allen, Sr., judge, to direct and order J. R. McAtee, reporter, to prepare the record, and we cannot presume that said respondent R. B. Allen will refuse to perfect the record so prepared to be available to the relators on their appeal, and therefore do not grant the writ as to the respondent Allen. The costs of this proceeding are taxed against respondent J. R. McAtee.

LOONEY, J., not sitting, he being disqualified because of his relationship to one of the parties at interest.