**MAXFIELD et al. v. PURE OIL CO. et al.**
**No. 11142.**

Court of Civil Appeals of Texas. Dallas.

July 6, 1934.

Geo. W. Barcus and C. S. Farmer, both of Waco, for appellants.

Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellees.

LOONEY, Justice.

After perfecting their appeal, appellants requested J. Lee Sanders, district clerk, to prepare a transcript; also applied to Mrs. J. L. Lattimore, official court reporter, for a transcript of the evidence. These officials prepared the records requested, but refuse to deliver same to appellants, or their attorneys, until their fees are paid. By an original application, appellants seek the issuance of writs of mandamus, directing the clerk and the reporter to deliver these records without prior payment of their fees, contending that they are fully protected by the appeal bond.

The writ will issue as to the district clerk. In the case of ——— v. Costley, 7 Tex. 460, the Supreme Court held that a district clerk is not entitled to demand payment of fees as a condition precedent to the delivery of the transcript for transmission to the appellate court. To the same effect, see Taylor v. Gardner (Tex. Civ. App.) 99 S. W. 411.

The writ is denied as to Mrs. J. L. Lattimore, official court reporter. Article 2324, R. S. 1925, as to the duties of the court reporter, reads: "Each official court reporter shall: * * * Preserve all shorthand notes taken in said court for future use or reference for a full year, and furnish to any person a transcript in question and answer form or narrative form of all such evidence or other proceedings, or any portion thereof

as such person may order, upon the payment to him of the fees provided by law." The quoted provision was article 1923, Vernon's Sayles' Tex. Civ. Stats. (1914), and originated, it seems, as a part of chapter 119, Acts Regular Session of the 32d Legislature, an act providing for the appointment of court reporters, etc., approved March 31, 1911, being section 4 of said act (see Session Acts pp. 264–269). We fail to find where this provision has either been changed by amendment or repealed; so we conclude that the reporter was well within her legal rights in requiring payment of her fees as a condition precedent to the delivery of a transcript of the evidence.

This situation, however, is not to be confused with a situation where appeal is perfected in forma pauperis; in such case the appellant would be entitled to a transcript of the evidence, without prior payment of the reporter's fees. Dunn v. Allen (Tex. Civ. App.) 63 S.W.(2d) 857.

Writ granted as to J. Lee Sanders, clerk of the district court of Van Zandt county, and denied as to respondent, Mrs. J. L. Lattimore, official court reporter of the Eighty-Sixth judicial district of Texas.