**RUDOLPH et al. v. HANES et ux.**

No. 13641.

Court of Civil Appeals of Texas. Fort Worth.

May 28, 1937.

Mark Smith, of Waxahachie, for appellants.

Chas. Ashworth, of Kaufman, for appellees.

BROWN, Justice.

The appellee presents a motion praying that the statement of facts, which has been

prepared and certified to by the official court reporter of the trial court, and expressly approved by the trial judge, be stricken from the files, on the sole contention that neither appellee nor his attorney has been given the "notice" provided for in article 2238, R.C.S., as amended by the Acts of 1931, 1st Called Sess., c. 34, § 2 (Vernon's Ann.Civ. St. art. 2238), and that such notice has never been waived.

In the motion, the reply thereto, and the affidavits attached, it is made to appear that appellant's attorney took up the matter of approving and filing the statement of facts with appellee's counsel, just prior to the expiration of the statutory period given for filing such record in the trial court.

Under the record before us we are not concerned with the differences found in the contentions made by opposing counsel as to what actually occurred between them relative to such matter.

It is interesting to note that appellee does not contend that the statement of facts is incorrect, or that it is not complete. He is not here asking that the statement of facts be stricken because it is untrue, or incomplete, and therefore is a prejudicial presentation of what purports to be a statement of the facts adduced upon the trial.

The required steps having been taken to perfect an appeal, when the transcript of the proceedings, made up by the clerk of the trial court, is timely filed in the Court of Civil Appeals, our jurisdiction attaches.

There is nothing in the law requiring a filing of the statement of facts as affecting our jurisdiction of any cause. Many causes are appealed without statements of facts being presented.

Appellee's motion is not well taken.

The Commission of Appeals, in an opinion adopted by the Supreme Court, Sanders Nursery Co., Inc., v. J. C. Engelman, Inc., 96 S.W.(2d) 68, 70, has definitely construed article 2238 to mean that it is the duty of the trial court to give the notice, want of which prompts appellee's motion to strike the statement of facts. Indeed, no other construction is possible, when the statute is considered.

In the case just cited, which is "on all fours" with the instant case, the motion to strike the statement of facts was expressly denied by the Supreme Court, and this language used: "The motion filed by defendant in error in the Court of Civil Appeals [59 S.W.(2d) 954] to strike the statement

did not show that the same was not correct, or that any material objection would have been made thereto if notice had been given. The gist of the motion was that no notice had been given as provided by the statute."

The decision in that case undoubtedly controls the case at bar.

We take judicial notice of the fact that the judicial district of which Henderson county is a part is composed of several counties, and that the judge moves from county to county in the discharge of his official duties, and that his official court reporter follows the judge's itinerary.

We likewise know that it is not as easy to obtain a statement of facts from an itinerant court reporter as from one whose court sits exclusively in the county of the residence of the judge and reporter.

Appellant's counsel made demand on the court reporter for the statement of facts and was advised on November 27, 1936, that the same was about completed, whereupon he called appellee's counsel over the telephone and advised him of such fact, and that the time for filing was running short.

Counsel for appellee gives as his version of what happened between him and appellant's counsel, that such opposing counsel wanted him to agree to the statement of facts without inspecting same, and that he refused to do so but insisted upon having the notice as is provided for in article 2238, R.C.S., as amended.

Appellant's motion for a new trial was overruled on October 16, 1936, and he was both given and entitled to fifty days within which to file the statement of facts in the trial court. Thus it is seen that this statutory period expired on December 5, 1936.

The official court reporter completed and certified to the statement of facts on November 30, 1936. Appellant's counsel delivered same to the trial judge who approved same, and it was filed in the district clerk's office on December 1, 1936. It remained on file in the said clerk's office for ten or twelve days and was taken out by appellant and filed in the Court of Civil Appeals at Dallas, on December 14, 1936.

The cause comes to us by transfer, on order by the Supreme Court.

Under the provisions of article 2238, R.C.S., as amended, and the ruling made, in the Sanders Case, supra, it was the duty of the trial court, acting through the clerk thereof, to give appellee's counsel notice of the filing of the statement of facts. This

is a new statute and one that has not been strictly followed by attorneys for litigants.

The common courtesies that are almost uniformly practiced by attorneys make it unnecessary to strictly enforce the provisions of the statute. The common practice is to give opposing counsel an opportunity to inspect and approve the statement of facts, and after such approval, to secure the signature of the trial judge.

Where the statement of facts is signed by the judge alone, the presumption exists that the parties failed to agree. Kelso v. Townsend, 13 Tex. 140; Darcy v. Turner, 46 Tex. 30.

The official court reporter certified to the correctness of the statement of facts, and the trial judge unqualifiedly approved the same.

We take judicial notice of the fact that an efficient court reporter both can and does prepare the most accurate statement of facts that can be had in any trial, and the approval of the trial court here is to be taken in connection with and as a part of the reporter's certificate of the correctness of the statement of facts.

Hence, we also cite Bath v. Houston & T. C. Ry. Co., 34 Tex.Civ.App. 234, 78 S. W. 993 (by this court); McGlasson v. Fiorella (Tex.Civ.App.) 228 S.W. 254; McManus v. Wallis, 52 Tex. 534, in which cases it is held that the presumption must be indulged that the parties disagreed and that the trial court, under the express authority vested in him by statute, prepared the statement of facts.

We decline to strike the statement of facts. However, we are not inclined to enforce upon appellee the acceptance of the statement of facts, if it, in any material particular, does not correctly set forth the facts adduced, and is prejudicial to appellee—although we are warranted in doing so, under the authorities. Therefore, if after an inspection of the statement of facts, on file, appellee can show wherein it is incorrect and damaging to his rights, we will permit same, on a bona fide attack, to be withdrawn, a corrected statement of facts made up and presented to the trial court for approval, and when such trial court orders same filed in the trial court, upon a proper motion made by appellant, we will order same filed here.

This we do in order that no right of the appellee, or of the appellant, may be denied

under the unfortunate and even unpleasant facts and controversy that have arisen—*if in fact the statement of facts is not correct.* Garrison v. Great Southern Life Ins. Co. (Tex.Civ.App.) 69 S.W.(2d) 218; Rincon Inv. Co. v. White (Tex.Civ.App.) 83 S.W.(2d) 1090.

The motion to strike is overruled.