### REAL ESTATE LAND TITLE & TRUST CO. v. GENERAL MISSIONARY SOC. OF THE GERMAN BAPTIST CHURCHES OF NORTH AMERICA et al.

#### No. 13722.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1937.

Geo. M. Hopkins, of Denton, for appellant.

Davis & Davis, of Denton, for appellees.

BROWN, Justice.

The motion on the part of appellees praying that the appeal be dismissed raises the following issues:

(1) That the appeal bond is insufficient to vest jurisdiction in this court because the appellant is shown to be a corporation and the appeal bond is executed for the corporation by the attorney who represents it in the management and trial of this suit.

■ We are of opinion that the attorney in charge of any suit may as effectively bind his client—which is a private corporation—in executing an appeal bond for such client as may any duly authorized officer of such corporation.

■ Furthermore, no objection is here made by the corporation client to the execution of the appeal bond for it by its attorney, and, having obtained the advantage of an appeal in such manner, the appellant could not equitably be heard to say that it is not bound by the bond.

■ Furthermore, if the bond be in anywise defective in substance or form, the appeal would not be properly dismissed without first giving the appellant an opportunity to file an amended bond.

(2) It is contended that the appeal should be dismissed because the statement of facts was not approved by the appellees or by their attorneys, and same was inadvertently approved by the trial judge.

■ The statement of facts plays no part in the jurisdiction of this court. Our jurisdiction attaches when the transcript from the hands of the clerk of the trial court is timely filed here.

■ The motion complains of material omissions in the statement of facts. This being true, we here and now authorize appellees to withdraw same, have the proper corrections made, present it to counsel for appellant for approval, and finally present same to the trial judge for approval. After this is done and a corrected statement of facts has been approved by the attorneys for the parties litigant, and approved by the trial judge, or a corrected statement of facts is prepared by the trial judge and approved by him after the attorneys fail to agree upon a correct statement of facts, then a motion to be permitted to file same in this court, if timely made—giving all parties a sufficient time in which to brief the case—is proper in order to lodge with this court the correct statement of facts. Rudolph v. Hanes, Tex.Civ.App., 106 S.W. 2d 743.

■ (3) By a supplemental motion to dismiss the appeal, the contention is made that no such corporation as appears as the plaintiff below and appellant here actually exists. We are not concerned about the names, or correct names, of litigants before us. If there be an error in the name of a litigant and judgment is rendered for such litigant by such erroneous name, that is no concern of ours.

■ (4) It is further contended that the appeal should be dismissed because the appellant sued as a foreign corporation and did not plead and prove that it had a permit to do business in Texas.

The pleading shows an interstate transaction. The purchase of negotiable paving certificates, on which the purchaser sues.

There is no merit in the motion to dismiss, and same is by us overruled.