## JOHNSON et ux. v. CROSS.

### No. 5129.

Court of Civil Appeals of Texas. Amarillo.

June 5, 1939.

Lackey & Lackey, of Stinnett, for relators.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for respondent.

JACKSON, Chief Justice.

This is an original proceeding in this court by the relators, Jack Johnson and wife, against the respondent, J. Henry Cross, official court reporter of the District Court of Hutchinson County, Texas, in the Eighty-Fourth Judicial District.

The relators seek a writ of mandamus to compel the respondent to make and file a transcript of the evidence in Q. and A. form in the case of Jack Johnson et ux. v. D. D. Harrington which was instituted in the District Court of Hutchinson County.

The record discloses that the case was tried in said court at the September term thereof and judgment rendered for the defendant, D. D. Harrington, against the plaintiffs, Jack Johnson, et ux., the relators herein, who properly excepted thereto, gave notice of appeal, sued out a writ of error, gave the proper bond, requested the clerk of the district court of said county to make a transcript of the record and applied to the respondent for a transcript of his notes of the evidence in said suit in question and answer form to be used in the prosecution of an appeal.

The clerk made and delivered the transcript of the record to the attorney of relators, J. L. Lackey, and it was presented to the clerk of this court and was filed on May 13, 1939. On the same day the relators moved this court for permission to be permitted to file against the respondent an application for a writ of mandamus to compel him to prepare and file in question and answer form the statement of facts in said case as required by law.

On May 22, 1939, the respondent answered stating that he received the application from relators for the statement of facts and with reasonable diligence prepared the Q. and A. form thereof and on April 11, 1939, deposited said statement of facts in the United States mail as a C. O. D. parcel post item addressed to the attorney for relators, J. L. Lackey, at his proper address at Stinnett, Texas to be delivered to him upon the payment of the sum of $55.35, the fee which the respondent was entitled to under the statute for the preparation of said statement; that J. L. Lackey refused to accept said statement as such C. O. D. parcel post item and pay therefor and the statement was returned to the respondent. The record shows that at no time did the relators or their attorney tender the fees to the respondent for the statement of facts and at no time asserted their inability to pay therefor nor question the correctness of the fee charged, but relators say and advised respondent that they are ready, willing and able to pay as soon as the transcript of the evidence is prepared, filed among the papers of the case, notice thereof given to the parties, examination thereof allowed, and approved by the trial court. On May 22nd, what purports to be a statement of facts was delivered by the respondent to the clerk of this court with authority to permit the attorney for relator to examine the statement and upon the payment of the charges therefor, deliver such statement to said attorney.

Article 2238 of the Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2238, provides: "When any party to any suit reported by any such reporter shall desire a transcript of the reporter's notes of the evidence in said suit, said party may apply for the same and such stenographer shall thereupon file an original and duplicate copy thereof in question and answer form among the papers in said cause, and it shall be made the duty of the court, if the transcript be found to be correct, to approve the same; provided, however, before approving same, notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. If said transcript is thus approved and signed by the judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded."

Article 2239 of said statute, Vernon's Ann.Civ.St. art. 2239, in so far as it affects this appeal, reads as follows:

"In case an appeal is taken from the judgment rendered in said cause, such original stenographer's transcript in question and answer form shall be sent up as the report of the testimony therein, the costs of such transcript paid by either party to be taxed against the party losing such appeal. * * *

"Where such question and answer transcript is filed, such reporter shall receive as compensation therefor the sum of fifteen cents (15¢) per hundred words for the original."

Article 2324 of the statute provides in part: "Preserve all shorthand notes taken in said court for future use or reference for a full year, and furnish to any person a transcript in question and answer form or narrative form of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to him of the fees provided by law."

See also Article 2325.

▇ Under the holdings of the courts in Longnecker v. Estes, Tex.Civ.App., 300 S.W. 968, and Maxfield et al. v. Pure Oil Co. et al., Tex.Civ.App., 74 S.W.2d 145, the court reporter is not required to rely for the collection of his fees on the appeal or supersedeas bond filed for the purpose

of prosecuting the appeal but has the legal right to require the payment of his fees as a condition precedent to the delivery of a transcript of the evidence.

In Sanders Nursery Co., Inc., v. J. C. Engelman, Inc., 128 Tex. 102, 96 S.W.2d 68, 69, after quoting article 2238, the Supreme Court, through Judge German, says:

"By the very clearest implication this act requires the trial court, acting through the clerk of the court, to give notice of the filing of the transcript of evidence by the reporter to all parties. The language of the statute is that 'notice of the filing shall be given to the interested parties.' This clearly negatives the idea that it shall be given by the appealing party to the opposing party. As the transcript of evidence is to be filed by the official court reporter, the appealing party clearly has a right to make objections thereto the same as the opposing party. The law makes it the duty of the court to approve the statement of facts, but requires him to withhold his approval until all the interested parties have an opportunity to make objections. It necessarily follows, we think, that the duty to approve carries with it the further duty to give notice to the interested parties of the filing.

"Aside from the clear import of the language of the statute itself, we think there are practical reasons why the notice should be given by the court. In discussing the character of notice to be given, the Court of Civil Appeals in the case of Rincon Investment Company v. White, supra [Tex.Civ.App., 83 S.W.2d 1090], said: 'As a matter of good practice, at least, it should be given in such manner as to preclude any question of fact of timely notice.' We approve this statement, and add that we know of no better way to accomplish this than to have the notice given by the clerk in such form that a record thereof may be preserved. We think it appropriate to add further that the certificate of the judge in approving the statement should recite the fact that, after the filing of the transcript of evidence by the court reporter, due notice was given to the interested parties, and they were afforded opportunity to make objections, and that such objections had been allowed or disallowed, and the statement approved by the court. In the event a situation should arise (such as appears to have existed in the case of Garrison v. Great Southern Life Insurance Company, Tex.Civ.App., 69 S.W.2d 218, infra) making it impossible to give notice and allow a reasonable time for making objection, the certificate of the trial judge in approving the statement should show this fact."

■ We think it clear from the language of these articles and the decisions of the courts that the court reporter may, before preparing a transcript of the evidence, require the party applying therefor to guarantee that his fees will be paid when the transcript is finally approved, signed by the judge and filed as a record in the cause. Maxfield et al. v. Pure Oil Co. et al., supra. In the instant case no such requirement was made but payment demanded before the statement was filed or the parties or the judge permitted to examine it.

■ It is obvious that after the transcript has been made the reporter is required to file it with the papers in the clerk's office and the clerk required to give notice of such filing to the interested parties who may in good faith make objections thereto and if such objections are found by the court to be material and well founded they shall be allowed. If the statement of facts, in the opinion of the judge, is correct, he shall approve and sign it. However before it is filed among the papers to become a part of the record of the cause the reporter shall be paid his fee for the preparation thereof.

■ The relators were not required to pay the postmaster at Stinnett for the transcript of the evidence forwarded by mail to them C. O. D. nor were they required to pay the clerk of the Court of Civil Appeals and accept such statement because such transcript of the evidence if filed in this court could be stricken from the record on motion because the notice of such filing had not been given to the appellee Harrington for such objections as he desired to make. Corbett et al. v. Raymondville Independent School Dist. et al., Tex.Civ.App., 52 S.W.2d 1116; Rudolph et al. v. Hanes et ux., Tex.Civ.App., 106 S.W.2d 743.

What we have said has no application to parties unable to give bond and prosecute their appeal under article 2266.

The writ is granted and the respondent commanded to file the statement of facts among the papers in the case in district court. Under the law it is the duty of the

clerk to notify the interested parties who may make their objections thereto, which shall be considered by the court, and such statement, if found to be correct, shall be approved and signed by the judge. However, before the statement is filed as a record in the cause for appeal the relators shall pay to the respondent the legal fees for the preparation of such transcript of the evidence.