**DURDEN v. PATTERSON, District Clerk, et al.**

No. 11222.

Court of Civil Appeals of Texas. Galveston.

Feb. 13, 1941.

A. L. Pierson, Harold Kahn, and J. R. Hill, all of Houston, for relator.

Carlos B. Masterson, of Angleton, and J. E. Price and J. V. Wheat, both of Houston, for respondents.

CODY, Justice.

A former application by relator, seeking the same relief now sought in this application was dismissed without prejudice on December 19, 1940. Durden v. Patterson et al., Tex.Civ.App., 146 S.W.2d 296. The parties who were adverse to relator in the trial court have now been joined as respondents to relators' application for writ of mandamus to compel the clerk and the court reporter, respectively, to prepare and furnish relator, as administratrix de bonis non of the estate of Jacob Kiehlbauch, a requested transcript and statement of facts, without payment or security therefor in a cause No. 27,679 in the District Court of Brazoria County, Texas, styled "The Estate of Jacob Kiehlbauch, deceased, by administratrix, d.b.n., Bernice Kiehlbauch Durden v. Mrs. Kittie Nash Groce et al." All necessary parties are now before the Court and we now have jurisdiction to act on the application. A fuller statement appears in our former opinion dismissing the application for want of necessary parties. See citation supra. For an understanding of the disposition of the present application, it is only necessary to know that relator was plaintiff and cross-defendant in said cause No. 27,679 in the District Court of Brazoria County, which was a suit in trespass to try title; and that, in a trial without a jury, a judgment adverse to relator was rendered on September 16, 1940, and further, that relator, in open court, duly excepted and gave notice of appeal; that the respondent clerk and the respondent court reporter have refused, as above indicated, to prepare and furnish the transcript and statement of facts without being paid therefor.

■ Relator was by force of R.S. Articles 2072 and 2276 entitled to appeal without giving bond. And no authority need be cited in support of the proposition that an administrator perfects an appeal in his fiduciary capacity by giving notice of appeal in open court, and is not required to give bond. In other words, an administrator is entitled to the same rights by giving notice of appeal and not giving bond as the ordinary litigant is entitled to by giving bond. But it now appears to be settled that a court reporter is not required to rely on the appeal or supersedeas bond, filed for the purpose of prosecuting the appeal, for collection of his fees for the preparation of the statement of facts, but

has the legal right to require the payment of his fees as a condition precedent to the delivery of a transcript of evidence. Johnson v. Cross, Tex.Civ.App., 131 S.W.2d 1054 at pages 1055 and 1056 (citing authorities). And in the cited case it was held: "We think it clear from the language of these articles [R.S. Arts. 2238, 2239, 2324 and 2325 Vernon's Ann.Civ.St. Arts. 2238, 2239, 2324, 2325] and the decisions of the courts that the court reporter may, before preparing a transcript of the evidence, require the party applying therefor to guarantee that his fees will be paid when the transcript is finally approved, signed by the judge and filed as a record in the cause." If an ordinary litigant who has perfected his appeal by giving bond is not entitled to a writ of mandamus to compel a court reporter to furnish a transcript of the evidence without paying the court reporter as a condition of having same delivered, no reason is perceived why an administrator would be entitled to compel the reporter to furnish such a statement of facts without payment therefor as a condition precedent to its delivery. Relator makes no claim that she offered to pay the court reporter his lawful charges for the preparation of a statement of facts, but, on the contrary, earnestly insists that she has the right to compel him to deliver such statement of facts without payment therefor.

█ We therefore refuse relator's application for a writ of mandamus in so far as its object is to compel the court reporter to prepare and furnish relator a transcript of the evidence without payment therefor.

██ It was the unquestioned statutory duty of the respondent clerk to furnish relator a transcript of the record upon relator's request therefor. But it does not appear from relator's application that she relies for reversal of the judgment appealed from in cause No. 27,679, aforesaid, upon fundamental error apparent upon the face of the record. The inference from her application is that she would urge assignments of error on appeal in the cause aforesaid based upon showings which would appear from, and only from, a transcript of the evidence. Great certainty is required in applications for mandamus, and relator should show in her sworn application that the issuing of the writ of mandamus against the clerk to compel her to furnish a transcript where it

appears that no statement of facts will be available on appeal will serve some useful purpose and not be unavailing. Barrera v. McCormick, Tex.Civ.App., 63 S.W.2d 1084, 1086; West v. Luttrell, Tex.Civ.App., 35 S.W.2d 744; Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028. Consequently the application for writ of mandamus, in so far as its object is to compel the clerk to prepare and furnish a transcript of the record, is refused.

Application refused.