L. F. JULIAN, Relator,

v.

The Honorable Leonard E. HOFFMAN and Raymond L. Nicholas, Respondents.

No. 20753.

Court of Civil Appeals of Texas, Dallas.

Feb. 20, 1975.

Edmund R. Wood, Richard Martin, Chancellor & Wood, Dallas, for appellant.

## MEMORANDUM OPINION DENYING MOTION FOR LEAVE TO FILE PETITION FOR MANDAMUS

CLAUDE WILLIAMS, Chief Justice.

On February 19, 1975, petitioner L. F. Julian, filed his motion for leave to file a petition for mandamus in which he asked this court to order and direct the Honorable Leonard E. Hoffman, Judge of the 160th District Court of Dallas County Texas, to vacate his order granting a new trial and to remove from the docket of said court cause no. 73–5161–H, styled L. F. Julian v. Raymond L. Nicholas, for the reason that the trial court is without jurisdiction to enter said order granting a new trial in said cause. We deny the motion for leave to file the application for writ of mandamus for two reasons:

(1) Our jurisdiction to issue a writ of mandamus is derived from Vernon's Tex.Rev.Civ.Stat.Ann. art. 1824 (Vernon 1964) which provides that a court of civil appeals may issue a writ of mandamus to

compel a judge of the district or county court to proceed to trial and judgment in a cause. The Supreme Court in Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434, 438 (1959), expressly stated that the jurisdiction of a court of civil appeals to grant a writ of mandamus is limited to the enforcement of its jurisdiction or to compel a district court to proceed to trial and judgment. To the same effect see Johnson v. Court of Civil Appeals, 162 Tex. 613, 350 S.W.2d 330 (1961), and Brown v. American Finance Co., 432 S.W.2d 564 (Tex. Civ.App.—Dallas 1968, writ ref'd n. r. e.). The motion tendered to us does not disclose any facts which would reveal the necessity for this court to issue a writ of mandamus to enforce its own jurisdiction. Also, the motion tendered does not request us to compel the district judge to proceed to try a case, but merely to set aside an order granting a new trial. Hence, it is evident that this court does not have jurisdiction to grant the relief sought.

(2) Even if this court possessed the necessary jurisdiction to grant the relief sought the record before us does not reveal that the Honorable Leonard E. Hoffman, Judge of the 160th District Court, acted improperly or without jurisdiction in granting the motion for new trial. Judgment in the cause was rendered April 11, 1974. Original motion for new trial was filed April 22, 1974. Since the tenth day fell on Sunday, April 21, 1974, the motion is timely filed. The amended motion for new trial was filed May 13, 1974. Again, when the twentieth day fell on Sunday, May 12, 1974, this amended motion was likewise timely filed. June 27, 1974, would be the forty-fifth day following the filing of the amended motion for new'trial and since the motion was not expressly acted upon by the trial court it was overruled by operation of law on such date, June 27, 1974. Judge Hoffman granted the motion for new trial on July 22, 1974. This date was within thirty days following June 27, 1974, and within the time allowed by law for the trial court to sustain a motion for new trial and set aside the judgment. It is established law that a trial court has jurisdiction to grant a new trial within thirty days after a motion for new trial has been overruled either by order or by operation of law. Texas Rules of Civil Procedure, rule 329b(5); Mercer v. Band, 454 S.W.2d 833 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ); and Thompson v. Gibbs, 504 S.W.2d 630 (Tex.Civ. App.—Dallas 1973, writ ref'd n. r. e.).

Motion for leave to file petition for mandamus overruled.