The CITY OF INGLESIDE, Relator,

v.

Martin A. JOHNSON, Official Court Reporter, et al., Respondents.

No. 1123.

Court of Civil Appeals of Texas, Corpus Christi.

May 20, 1976.

Bruce D. Viles, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for relator.

Horkin & Horkin, Corpus Christi, amicus curiae.

James M. Whitten, Sinton, Elizabeth B. Levatino, Austin, Mark H. Giles, Stone, Berryman & Giles, Inc., Corpus Christi, for respondents.

Tony Korioth, Austin, amicus curiae.

## OPINION

NYE, Chief Justice.

This is an original proceeding initiated in this Court by Relator, The City of Ingleside, requesting relief in the nature of mandamus, injunction and declaratory judgment against Respondent, Martin A. Johnson, Official Court Reporter for the 156th Judicial District Court of San Patricio County.

The City requests that this Court issue its writ of mandamus directing the Court Reporter to deliver to the City the completed statement of facts in Cause No. 16,417, styled *T. R. Stewart, d/b/a L & S Air*

*Conditioning Company v. The City of Ingleside*, without requiring the City to make any further payment to the Court Reporter therefor. The City further requests that we grant declaratory relief whereby this Court would make a determination as to the constitutionality of Article 2324, Tex.Rev. Civ.Stat.Ann., upon which Court Reporter relies, and make a determination of the lawful basis upon which Court Reporter's compensation for the preparation of the statement of facts may be computed. The Attorney General of the State of Texas has been made a party to this action pursuant to Article 2524–1, § 11, Tex.Rev.Civ.Stat. Ann.

The facts surrounding this case being uncontroverted will be set out as follows. The controversy upon which this original suit is based grew out of a lawsuit originating in the 156th Judicial District Court of San Patricio County between T. R. Stewart (Plaintiff) and the City of Ingleside (Defendant), designated Cause No. 16,417 in the trial court. The subject matter of the lawsuit involves a controversy over alleged labor performed and materials furnished by Stewart to the City of Ingleside, and for payment therefor. The official Court Reporter for the 156th Judicial District Court is Martin A. Johnson. During the course of the trial, the Court Reporter took full shorthand notes of all oral testimony, objections to the admissibility of evidence and the rulings and remarks of the trial judge.

Subsequent to the trial and prior to entry of judgment, the trial judge advised the parties that it was prepared to render judgment in Stewart's favor for $4,700.00. In light of the trial court's action, the attorney representing the City of Ingleside wrote to the Court Reporter requesting an estimate of the costs in preparing a complete question and answer statement of facts and the approximate length of time he would require in preparing the statement of facts. The Court Reporter replied by return mail that he estimated the statement of facts would cost from $2,500.00 to $3,000.00 and that it would require from four to six weeks to prepare the same. The Court

Reporter stated that a $1,000.00 deposit would be required "before I will even start on same, with the balance due upon delivery."

Because the estimated cost of between $2,500.00 to $3,000.00 appeared high, the attorney for the City of Ingleside wrote to the Court Reporter asking him to review his notes as he (the attorney) believed that he (Court Reporter) must have made a mistake in his estimate of the costs of the statement of facts because the trial only lasted 3½ days and the oral testimony reported covered no more than 15¼ hours. The Court Reporter made no reply to the above request.

Thereafter, on January 26, 1976, the trial court entered its judgment for Stewart in the amount of $4,700.00. The City of Ingleside filed its notice of appeal pursuant to Rule 354(c), T.R.C.P. on the same date. On February 16, 1976, the City made formal written request upon the Court Reporter for the preparation of and delivery to it of a transcript of the evidence in question and answer form. In light of the difference of opinion over the proposed costs of the statement of facts, appellant's attorney in a separate letter to the Court Reporter stated that he would pay a reasonable amount for the Court Reporter's services as provided in Article 2324. However, the City reserved the right to make objections to the trial court as to the reasonableness of the charges and have the trial court determine if such charges were reasonable, and, if necessary, to have the matter finally determined by the appellate courts.

The Court Reporter by letter dated February 20, 1976, acknowledged receipt of appellant's request for the statement of facts and again demanded the $1,000.00 deposit. The Court Reporter further stated that "Any attorney's fees and expenses of expert witnesses that I incur with reference to any litigation, I shall add to the total bill for the statement of facts." The Court Reporter further requested that the City's attorney obtain an extension of time for the filing of the statement of facts from this Court as he would be unable to complete

the statement of facts within the time remaining (40 days); otherwise, he would charge an additional charge of twenty-five cents (25¢) per page.

On February 28, 1976, the Court Reporter advised the City by letter that he estimated the number of pages in the statement of facts to be from 800 to 1,000 pages and that he would charge $2.00 per page, plus fifty cents (50¢) per page for exhibits and fifty cents (50¢) per page for the indexing of the exhibits. In addition, he stated he would charge $2.00 to $3.00 for covers and binding the statement of facts and the same amount for covers and binding the exhibits. On March 3, 1976, the City delivered to the Court Reporter the $1,000.00 deposit requested, reserving the right to object to the trial court, and to pay only such sum for the statement of facts as is ultimately determined to be reasonable.

Notice of appeal was filed by the City on January 26, 1976. On March 18, 1976, the transcript in Cause No. 16,417 was filed by appellant City in this Court, thereby clothing us with exclusive jurisdiction over the appeal, giving it our Cause No. 1111. Thereafter on March 24, 1976, the appellant filed its first motion for an extension of time to file the statement of facts. The appellant alleged in said motion, the existing controversy between it and the Court Reporter and the need for additional time in which the City may present its objections as to the reasonableness of the Court Reporter's charges and objections to Article 2324, in the appropriate forum. This Court granted the motion on March 31, 1976 and extended the time in which to file the statement of facts 45 days, until May 10, 1976.

On April 14, 1976, the City filed in this Court its motion for leave to file its petition for mandamus, injunction, declaratory and other relief. On April 19, 1976, this Court granted the City's motion for leave to file the petition, and set the case for submission and oral argument on May 12, 1976. Notice of the setting was given to all parties concerned.

The record before us shows that the Court Reporter in the meantime requested the same trial judge to approve the fee that he had quoted to the attorney for the City of Ingleside. On May 4, 1976, a hearing for the determination of the reasonableness of the Court Reporter's charges was had before the Honorable Rachel Littlejohn, Judge of the 156th District Court. The City filed a plea in abatement, answer and motion for continuance raising among other things, the question as to the constitutionality of Art. 2324. The trial judge, after considering the pleadings on file and the evidence introduced, entered its order determining only the point that, the sum of $1,991.00 was a reasonable compensation for the Court Reporter to charge.

Thereafter the Attorney General of Texas filed in this Court its brief pursuant to Article 2524–1, § 11, Tex.Rev.Civ.Stat.Ann. The memorandum was submitted solely with respect to the question concerning the constitutionality of Article 2324, asserting that this Court is without jurisdiction to consider the constitutionality of Article 2324 under either the Declaratory Judgment Act, Article 2524–1 or under Article 1823, Tex.Rev.Civ.Stat.Ann. which gives this Court original jurisdiction.

The City insists that Article 2324, Tex. Rev.Civ.Stat.Ann. upon which the Court Reporter bases his charges for such statement of facts is unconstitutional and void because: 1) it is an unlawful delegation to the judiciary of an exclusively legislative power to prescribe the fees, duties and compensation of public officials and utilities and, therefore, violates Article II, § 1, Texas Constitution; 2) it unlawfully violates Article III, § 44, Texas Constitution by providing that the compensation of a public official shall be set by the judiciary; 3) it improperly delegates to the judiciary the exclusive legislative function of providing for the duties and fees of court reporters and failing to provide therein legally sufficient standards; and 4) it violates Article III, §§ 35, 56, Texas Constitution and the Fourteenth Amendment to the U. S. Constitution as being a special law which is incapable of uniform application and, therefore,

deprives litigants due process and equal protection of the law.

■ The City, in addition to requesting that we issue a writ of mandamus, requests also that we enter a declaratory judgment declaring Article 2324, Tex.Rev.Civ.Stat. Ann. to be unconstitutional, saying we have authority to render such a declaratory judgment under Article 1822 [1] and Article 1823.[2] We do not agree. Our authority, under such statute is limited. Courts of Civil Appeals have no jurisdiction to render a declaratory judgment in a case filed originally in that Court. See *Lydick v. Chairman Of Dallas County Republican Executive Committee*, 456 S.W.2d 740 (Tex.Civ. App.—Dallas 1970, no writ); *Donald v. Carr*, 407 S.W.2d 288 (Tex.Civ.App.—Dallas 1966, no writ); Article 2524–1, Tex.Rev.Civ. Stat.Ann. The City has failed to cite us to a single Texas case holding that an appellate court, in a suit originating in that court, has jurisdiction to issue declaratory relief.

Therefore, the City's request for declaratory relief by this Court as to the constitutionality or validity vel non of Article 2324 is denied since we are without authority to issue such relief. Such matters should properly be brought up by appeal from the trial court's ruling on the reasonableness of the Court Reporter's fees as a separate appeal for our later review and determination.

■ Under Articles 1823 [2] and 1824,[3] Tex. Rev.Civ.Stat.Ann., Courts of Civil Appeals may issue mandamus only in protection of their appellate jurisdiction or to order a trial judge to proceed to trial and judgment. *Crofts v. Court of Civil Appeals For Eighth Supreme Judicial District*, 362 S.W.2d 101 (Tex.Sup.1962); *Johnson v.*

*Court of Civil Appeals For Seventh Supreme Judicial District of Texas*, 162 Tex. 613, 350 S.W.2d 330 (1961); *Brown v. American Finance Co.*, 432 S.W.2d 564 (Tex.Civ. App.—Dallas 1968, writ ref'd n. r. e.); *Julian v. Hoffman*, 520 S.W.2d 935 (Tex.Civ. App.—Dallas 1975, no writ). The jurisdiction exercised by this Court in granting the writ must therefore come within the purview of the above two statutes.

■ The appellate jurisdiction of the Courts of Civil Appeals in civil cases extends to and includes questions of the sufficiency of the evidence to support the judgments of the trial court. The judgments of the Courts of Civil Appeals are conclusive in all cases on the facts of the case. Article 1820, Tex.Rev.Civ.Stat.Ann.; Article 5, § 6, Texas Const. In other words, we have exclusive jurisdiction on assignments of error which tests the weight and sufficiency of the evidence. Art. 1820; *Tippett v. Brannon*, 493 S.W.2d 511 (Tex.Sup.1973). The City of Ingleside in its sworn application for leave to file, states that in its appeal from the judgment of the trial court in the main lawsuit, it is appealing upon the weight and sufficiency of the evidence of the facts heard before the trial court. Unless the subject statement of facts in Cause No. 1111 is filed in this Court, this Court would be unable to determine the weight and sufficiency of the evidence upon which judgment the City has appealed. Since the Court Reporter is an officer of the court and the bond (or the exemption from filing of bond in this case) enures to the benefit of the "officers of the court" (Rule 354, T.R.C. P.), the Court Reporter should not be permitted to interfere with the jurisdiction of

---

1.  Art. 1822. [1593] [998] Inquiry into jurisdiction

    "Said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction."

2.  Art. 1823. [1592] [997] Writs of mandamus, etc.

    "Said courts and the judges thereof may issue writs of mandamus and all other writs

necessary to enforce the jurisdiction of said courts. Id."

3.  Art. 1824. [1595] [1000] May mandamus district courts

    "Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require. Acts 1st C.S., 1892, p. 25; Acts 1923, p. 110; Acts 1929, 41st Leg., p. 68, ch. 33, § 1."

this Court in deciding the case by refusing to deliver the statement of facts.

Our jurisdiction to issue extraordinary writs such as mandamus may be invoked for the purpose of protection of our appellate jurisdiction. Art. 1823. Since the Court Reporter by withholding a vital part of the record on appeal is interfering with the decision making process of this Court, we hold that we have authority to issue a writ of mandamus to protect our jurisdiction with respect to the subject appeal for the following reasons set out hereafter.

■ The writ of mandamus, being a legal remedy clothed with principles of equity, is available to compel action on the part of those charged with positive duties because of their official position. *Smith v. Grievance Committee, State Bar Of Texas For District 14–A*, 475 S.W.2d 396 (Tex.Civ.App. —Corpus Christi 1972, no writ). However, mandamus will not issue to compel a public official to perform an official act unless the official has refused to perform and it is made to appear to this Court that the relator's right to have the act performed is clear. See *Hendricks v. Board Of Trustees Of Spring Branch Independent School District*, 525 S.W.2d 930 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.); *Cobra Oil & Gas Corporation v. Sadler*, 447 S.W.2d 887 (Tex.Sup.1969 and cases cited therein).

Since the Court Reporter has refused to deliver the statement of facts to the appellant without prior payment, the sole issue for our determination therefore is whether the City has shown to this Court its right to have the act performed, i. e., delivery of the completed statement of facts without advance payment, such being a clear official duty of the Court Reporter. In order to make such a determination, we must examine Article 2324, Tex.Rev.Civ.Stat.Ann. in light of Rule 354, T.R.C.P., and the effect of such statute and Rule upon a party (City) who by another statute (Articles 2072 and 1174) is exempt from giving security for "cost" in perfecting its appeal to this or any other appellate court.

■ There is no dispute that an official court reporter, assigned to one of the District Courts of this State, is an officer of the State and as such, their duties are set forth under Article 2324. See *Dunn v. Allen*, 63 S.W.2d 857 (Tex.Civ.App.—Dallas 1933, no writ); *Butcher v. Tinkle*, 183 S.W.2d 227 (Tex.Civ.App.—Beaumont 1944, writ ref'd w. o. m.). The Court Reporter is a public official and as such is subject to the mandamus powers of this Court under the above statutes.[2, 3]

The original statutes that first set forth the duties of official court reporters were Articles 1923, 1924 and 1926. In the year 1925, those statutes were codified into one statute being Article 2324. This 1925 revision to the Texas Statutes provided that upon payment therefor, the reporter was to furnish a transcript to a person who was not a party to a suit reported by said reporter. The 1925 statute also provided that upon request by a party to a suit reported by said reporter, said reporter shall receive as compensation fifteen cents per hundred words for the original. There was no requirement that the fees were to be paid in advance. Prior to the last amendment of Article 2324 which occurred in 1975, Article 2324 read in pertinent part as follows:

"Preserve all shorthand notes taken in said court for future use or reference for a full year, *and furnish to any person a transcript of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to him of the fees provided by law.*

When *any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit*, said party may apply for same and the reporter shall make up such transcript *and shall receive as compensation therefor the sum of not more than thirty cents per one hundred words for the original thereof.*" (Emphasis supplied.)

During the time that the above statute was in effect, Rule 354, T.R.C.P., (1957), regarding the cost bond on appeal then read:

"Rule 354. Cost Bond.—The appellant shall execute a bond to be approved by

the clerk, payable to the appellee in a sum at least double the probable amount of the costs of the court below, the Court of Civil Appeals, and the Supreme Court, to be fixed by the clerk, conditioned that such appellant shall prosecute his appeal or writ of error with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court."

It was clear when the above rule was in effect, the cost bond, although covering all of the costs accruing in the trial court, did not cover the cost of preparing the statement of facts or transcript. See Rule 354, T.R.C.P. (Supp.1975); *Williams v. Williams*, 392 S.W. 539 (Tex.Civ.App.—Tyler 1965, no writ). Because the court reporters for the courts of this State were not protected by the cost bond, some of the appellate courts who took notice of this absence of such protection, interpreted the then existing Article 2324 and Rule 354 to require payment of the court reporter's fees as a condition precedent to the delivery of a transcript of the evidence. See *Johnson v. Cross*, 131 S.W.2d 1054 (Tex.Civ.App.—Amarillo 1939, no writ); *Durden v. Patterson*, 147 S.W.2d 845 (Tex.Civ.App.—Galveston 1941, no writ); *Maxfield v. Pure Oil Co.*, 74 S.W.2d 145 (Tex.Civ.App.—Dallas 1934, no writ).

■ However, in 1962, Rule 354, T.R.C.P. was amended by the Supreme Court adding the requirement that the bond or deposit in lieu thereof was to cover the cost of the statement of facts and transcript. Rule 354 in its present form provides in pertinent part as follows:

"The bond on appeal shall have sufficient surety and shall be conditioned that appellant shall prosecute his appeal or writ of error with effect, *and shall pay all the cost which have accrued in the trial court and the cost of the statement of facts and transcript.* . . . Appellant may make the bond payable to the clerk instead of the appellee, *and same shall inure to the use and benefit of the appellee and the officers of the court*, and shall

have the same force and effect as if it were payable to the appellee. In lieu of a bond, appellant *may deposit with the clerk cash in an amount determined by the clerk to be sufficient to cover the estimated cost in the trial court and the cost of the statement of facts and transcript . . . ."* (Emphasis supplied.)

The cost bond then, since 1962, provides security not only for the estimated cost in the trial court but also provides security for the cost of the statement of facts and transcript.

Thereafter in 1975, Article 2324 was amended to its present form and provides in pertinent part as follows:

"Each Official Court Reporter shall upon request:

\* \* \* \* \* \*

Preserve all shorthand notes taken in said court for future use or reference for three full years, *and furnish to any person a transcript of all such evidence or other proceedings, or any portion thereof as such person may order, upon the payment to the official shorthand reporter of the fees provided by the judge.*

When *any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit*, said party may apply for same by written demand, and the reporter shall make up such transcript and *shall receive as compensation therefor a reasonable amount, subject to the approval of the judge of the court if objection is made* thereto, taking into consideration the difficulty and technicality of the material to be transcribed and the time within which the transcript is requested to be prepared. The original transcript fee charged shall pay for the original plus one copy of the transcript, and additional copies may be purchased for a fee per page not in excess of one-third (⅓) of the original cost per page. In addition such reporter may make a reasonable charge, subject to the approval of the trial court if objection shall be made thereto, for postage and/or express charges paid; photostating, blue-printing or other reproduction of exhibits; index-

ing; and preparation for filing and special binding of original exhibits. Provided further, that in case any such reporter shall charge in excess of the fees herein allowed by the judge, whether by accident or design, he shall, on demand filed with the court, make refund of the excess to the party to which it is due. *Provided, however, that the Supreme Court of Texas under its rulemaking authority shall provide for the duties and fees of court reporters in all civil judicial proceedings, except as provided by law.*

Amended by Acts 1975, 64th Leg., p. 826, ch. 319, § 1, eff. May 27, 1975." (Emphasis supplied.)

In light of the Amended Rule 354, it is quite clear to us that the Legislature has provided for two contingencies occurring, depending upon who requests the statement of facts. Article 2324 provides that upon demand by "any person" for a transcript (of the evidence), the reporter shall furnish such transcript "upon payment of his fees". This section clearly requires that a person, not a party to the lawsuit, and for which no cost bond or deposit in lieu thereof is required, must make advance payment to the official reporter prior to being entitled to delivery of the same. This is so because the reporter is not otherwise protected on his fee, having no bond or other security securing his fees. In the next paragraph, the statute refers to "any party to any suit reported by any such reporter" who shall desire a transcript of the evidence in said suit. In this situation, a party is required by Rule 354, T.R.C.P. to provide a cost bond or deposit in lieu thereof to cover the cost of the statement of facts and transcript. In such a case, once the bond is filed or a deposit in lieu thereof is made, the reporter's fees are guaranteed and secure regardless of whether the case is reversed or affirmed.

The Legislature has by law required the court reporters (when requested) to attend the sessions of the courts, take full shorthand notes of all oral testimony and when, by written demand by a party to the suit, make up a transcript of the evidence of the case. Here, the Court Reporter has stated that unless $1,000.00 in cash is deposited with him, he would not start transcribing the statement of facts. In addition, the Court Reporter is claiming a lien upon the transcript of the evidence to the extent of the balance of his fee before he will release the statement of facts to the City of Ingleside for filing in this Court after the same has been transcribed.

■ At common law a lien arises by implication of law and is generally founded on the immemorial recognition of the common law right to such a lien as a result of established usage of a particular trade. Such a common law lien is a right to retain that which is in his possession which belongs to another until certain demands of the person in possession are satisfied. The transcript of the evidence of a case is not such private property.

Fees of officers of the court have always been taxed as costs. These include fees for accountants, auditors, the clerk, examiners, masters, sheriff or constable fees, jury, and attorneys' fees among others. It falls most naturally that court reporters' fees would lie in the same category as other officers of the court. Rule 354, T.R.C.P. so envisions when it says that the bond shall cover the costs of the transcript of the evidence and the bond shall inure to the benefit of the officers of the court. We see no cogent reason for court reporters to be treated differently. Since Rule 354, as it is now written covers the cost of the statement of facts, then upon the filing of the appeal bond, such party is entitled to the statement of facts without advanced payment and without regard to their financial ability to pay for the same. See *Williams v. Williams*, supra.

The question next arises as to whether the City, being a party exempt under Articles 2072 and 1174, Tex.Rev.Civ.Stat.Ann., from giving security for cost in perfecting its appeal, stands in the same shoes as a party who gave a bond or cash in lieu thereof and is therefore entitled to be furnished a statement of facts without the necessity of paying the Court Reporter in

advance. See *State v. Hickey*, 97 S.W.2d 713 (Tex.Civ.App.—Waco 1936, no writ). We believe no difference exists.

It is uncontroverted that the City of Ingleside is an incorporated city and as such is not required to give security for cost on appeal. Article 2072, 1174, Tex.Rev.Civ. Stat.Ann. In such a case, Rule 354(c) provides in part:

"(c) When a bond for costs on appeal *is not required by law, the appellant shall in lieu of a bond file a notice of appeal* which shall be filed with the clerk, within thirty days after rendition of judgment or order overruling motion for new trial . . . ." (Emphasis supplied.)

█ It is a well settled rule that mandamus will not lie until everything has been done that is necessary to make it the legal duty of the official to act. *Anderson v. Grossenbacher*, 381 S.W.2d 72 (Tex.Civ.App. —San Antonio 1964, writ ref'd n. r. e.). Since the City has done everything required of it, mandamus must lie.

█ We, therefore, believe that the City having filed the notice of appeal within the required time limits is entitled to be furnished the statement of facts without making any advanced payment to the Court Reporter and he is under a legal duty to deliver the statement of facts without first demanding payment therefor.

We have received an amicus curiae brief from the Texas Shorthand Reporters' Association. Amicus Curiae alleges that on April 15, 1975, an amendment to Article 2324 was offered to the Legislature adding the following language with respect to a party to a suit reported by the reporter. The offered amendment read:

"however, the transcript shall be furnished without payment of the fees provided by law, if requested by an appellant who has executed and filed a cost bond approved by the clerk, as provided by the rules of civil procedure."

This amendment failed to be adopted by the Legislature and Amicus Curiae now contends that since the Legislature rejected the proposed amendment, it was expressing its intent that payment must be made at time of delivery of the statement of facts, regardless of whether or not the appellant has filed or is required to file a cost bond and regardless of whether he is a party or not to the suit reported by such reporter.

█ The rejection of a proposed amendment to a statute may constitute some argument for legislative interpretation of the act amended or sought to be amended. To such extent it can be considered by the courts in interpreting the act. However, the rejection of an amendment as such does not control the construction of the statute. 82 C.J.S. Statutes § 360.

█ There are decisions holding that in construing a statute, rejected amendments, or rejected alternative legislation, should not be considered, or at least should be given little weight, since the courts can have no means of knowing the real reasons that influenced the legislature in such rejection. In any event, the rejection of an amendment, or the elimination of words from a bill before its passage, is not conclusive of the bill's inapplicability to the matters included in such amendment or described by such words. See 73 Am.Jur.2d Statutes § 172.

█ All statutes are presumed to be enacted by the Legislature with full knowledge of the existing condition of the law and with reference to it. Statutes are to be construed in connection with, and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, that is, they are to be construed with reference to the whole system of law of which they form a part, including reference to other statutes, rules of procedure, and the decisions of the courts. 82 C.J.S. Statutes § 362, et seq. Therefore, Article 2324 should be construed in light of the rules then in existence. Amended Rule 354 provides that a cost bond covers the cost of the statement of facts. The Court of Civil Appeals in *Williams v. Williams*, supra, recognized it as such. If the Legislature had intended that a party to a suit reported by said reporter must make advanced payment for the statement of facts before being

entitled to receive the same, they would have so stated in direct language. This was not done. The amendment offered was surplusage in light of Rule 354. The Legislature again recognized the Supreme Court's rulemaking authority by rejecting the amendment.

The Court Reporter relies upon the case of *Quarles v. State*, 385 S.W.2d 395 (Tex.Cr.App.1965) which held that a court reporter was within his rights in requiring payment of his fee as a condition precedent to the delivery of a transcript of the argument, since no pauper's oath had been filed. This case is clearly distinguishable. In a criminal case, unlike a civil case, there is no provision whereby an appealing party must file an appeal bond which secures the costs of the statement of facts. Since there is no procedure by which such costs can be secured, it would be unreasonable to require the reporter to give up the statement of facts without prior payment therefor, as the Court in *Quarles* so held. In a civil case, Rule 354 provides a method whereby a reporter's fees are secured and protected, therefore, prior payment therefor becomes unnecessary.

In view of our holding that the Court Reporter under the circumstances of this case, has a legal duty to furnish to the City of Ingleside, Texas, the subject statement of facts without first demanding and receiving payment therefor, we order Martin A. Johnson, Official Court Reporter, 156th Judicial District of Texas, to deliver the statement of facts in Cause No. 1111, styled *The City of Ingleside v. T. R. Stewart, d/b/a L & S Air Conditioning Co., Inc.*, to the Clerk of this Court, the Honorable Lawrence Ludka, either in person, or by first-class United States mail in an envelope or wrapper, properly addressed and stamped (postage prepaid) on or before 5:00 p. m., Monday, May 24, 1976; provided, however, if the same is placed in the United States Mail, a legible postmark dated on or before 5:00 o'clock p. m., Monday, May 24, 1976, must be affixed thereon by the United States Postal Service in order for such statement of facts to be delivered in time.

Upon receipt of said statement of facts by the Clerk of this Court, the Clerk shall mark it received and notify all attorneys of record in Cause No. 1111 of such fact. The attorneys of record shall then have an opportunity to check out and examine the statement of facts as to its truth and accuracy and approve the same. If the parties cannot agree whether the record accurately discloses what occurred in the trial court within ten (10) days after being furnished with a copy of the statement of facts, the matter shall be submitted to the trial court in accordance with Rule 377, T.R.C.P.

MANDAMUS GRANTED.