Michael EASTON, Relator,

v.

La Vern Ivey CREEKS, Certified Shorthand Reporter, Respondent.

Michael EASTON, Appellant,

v.

SHEARSON LEHMAN HUTTON, Appellee.

Nos. 01–96–00328–CV, 01–96–00240–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 11, 1996.

Michale Easton, Houston, pro se.

La Vern Ivey Creeks, Matthew A. Klornhauser, John E. Mahar, Houston, for appellees.

## ORDER

PER CURIAM.

Relator, Michael Easton, moves the Court for leave to file a petition for writ of mandamus, requesting that this Court compel respondent, **LAVERNE IVEY CREEKS,** certified shorthand reporter for the 215th District Court of Harris County, Texas (court reporter), to prepare and file a complete statement of facts from the case styled, *Michael Easton v. Shearson Lehman Hutton,* in the 215th District Court of Harris County, Texas, cause no. 94–39818, appeal no. 01–96–00240–CV, 1996 WL 183424. The original deadline for Easton to file the statement of facts was March 22, 1996. Easton filed this petition for writ of mandamus on March 11, 1996. He argues that it would be useless for him to request this Court to grant him an extension of time to file the statement of facts because the court reporter has unequivocally stated, under oath, that she would not prepare the statement of facts until she receives payment from Easton. Thus, Easton asserts he has no other adequate remedy to compel the court reporter to complete the statement of facts, and that it is necessary to issue a writ of mandamus against her.

Before the predecessor of TEX.R.APP.P. 46(e) [1] was amended in 1984, if a party to a lawsuit requested a statement of facts and filed a cost bond or cash deposit in lieu of a bond, the party was entitled to a statement of facts without paying for it in advance. *Wells v. Wells,* 570 S.W.2d 224, 224 (Tex. App.—Houston [1st Dist.] 1978, no writ); *City of Ingleside v. Johnson,* 537 S.W.2d 145, 152 (Tex.App.—Corpus Christi 1976, orig. proceeding). Once a party filed a bond, which secured the court reporter's fees, the court reporter was required to deliver the

statement of facts. *City of Ingleside,* 537 S.W.2d at 152.

Because requiring the court reporter to look solely to the cost bond appeared harsh, the predecessor rule to TEX.R.APP.P. 46(e) was amended in 1984 to permit court reporters to obtain payment before delivering the statement of facts. *Jackson v. Crawford,* 715 S.W.2d 130, 131 (Tex.App.—Dallas 1986, n.w.h.) (interlocutory order). Texas Rule of Appellate Procedure 46(e), which is identical former rule 354(e), provides:

> Even if a bond is filed or deposit in lieu of bond is made, appellant shall either pay or make arrangements to pay the court reporter upon completion and delivery of the statement of facts.

TEX.R.APP.P. 46(e).

A court reporter may not demand a deposit before beginning the preparation of the statement of facts when the appellant has filed a cost bond and made a proper request for a statement of facts. *Grossnickle v. Turner,* 903 S.W.2d 362, 364 n. 2 (Tex.App.—Texarkana 1995, orig. proceeding); *Jackson,* 715 S.W.2d at 131. However, the appellant must pay or make arrangements to pay the court reporter when the court reporter completes and delivers the statement of facts. *Grossnickle,* 903 S.W.2d at 364 n. 4; *Jackson,* 715 S.W.2d at 131.

In this case, Easton has filed a bond. Nevertheless, the court reporter testified she would not prepare the statement of facts until she received a deposit from Easton. The court reporter is not entitled to payment from Easton until she completes and delivers the statement of facts. However, if the court reporter alleges the bond is insufficient to cover the estimated costs of the statement of facts, she may move to increase the amount of the bond. *See Vickery v. Porche,* 848 S.W.2d 855, 857 (Tex. App.—Corpus Christi 1993, n.w.h.) (interlocutory order).

It is therefore **ORDERED** that Easton's motion for leave to file a petition for writ of mandamus is hereby **GRANTED.**

---

1. The Supreme Court adopted the Texas Rules of Appellate Procedure in 1986. Before that, the rules of appellate procedure were contained in the Texas Rules of Civil Procedure. The predecessor to TEX.R.APP.P. 46 was TEX.R.CIV.P. 354.

It is further **ORDERED** that the court reporter, **LA VERN IVEY CREEKS,** prepare no later than **12:00 noon on May 13, 1996,** a complete statement of facts in the case styled *Michael Easton v. Shearson Lehman Hutton,* in the 215th District Court of Harris County, Texas, cause no. 94–39818, appeal no. 01–96–00328–CR, 1996 WL 183424, and file in this Court, by that date and time, an affidavit stating that the complete statement of facts has been prepared and is ready for filing. Should respondent, **LA VERN IVEY CREEKS,** fail to comply with this order, she is **ORDERED** to appear before this Court at **9:00 a.m. on May 14, 1996,** and show cause why she should not be held in contempt of this Court for her failure to comply with this order.