**Cleveland Luke THIBODEAUX, Jr.**

v.

**TORCH, INC.**

**Civ. A. No. 87–0513 "L".**

United States District Court,
W.D. Louisiana,
LaFayette–Opelousas Division.

Nov. 28, 1987.

Timothy A. Jones and Robert P. Fuhrer, Lafayette, La., for plaintiff.

Michael J. Maginnis and Timothy P. Hurley, New Orleans, La., for defendant.

## MEMORANDUM RULING

DUHE, District Judge.

This complaint was filed under the Jones Act, 46 U.S.C. § 688. Defendant seeks summary judgment denying seaman status as a matter of law.

The defendant filed affidavits and a statement referred to as "statement of uncontested facts". The plaintiff filed an opposition to this motion and included affidavits. He also filed a motion styled "motion to strike defendant's statement of uncontested facts." This motion is treated as a supplemental opposition to the motion for summary judgment. Only the facts that are truly uncontested have been accepted as such by this court.

FACTS

The plaintiff was injured when he fell out of a vehicle while transporting another employee to a hospital. The vehicle had not left the defendant's yard at the time of

the accident. Plaintiff was employed as a crane operator and alleges that he was preparing the barge L/B Little Shane to go offshore for a job. He states this preparation would take one to three days, and the actual offshore job was to last two to four weeks. Defendant claims that the barge was laid up for winter maintenance and that the plaintiff was helping to construct new crew quarters. Both parties agree that on the day of his injury, plaintiff's assignment was to load pallets of sand onto the barge. They disagree as to the purpose of the loading. Plaintiff claims the sand was to be used in an offshore job, while defendant maintains it was to be used in the construction of the new crew quarters.

ANALYSIS AND LAW

The defendant cites *Pizzitolo v. Electro-Coal Transfer Corp.*, 812 F.2d 977 (5th Cir.1987), and his analysis is persuasive. *Pizzitolo* was an electrician who was engaged in repairing a vessel and the court denied seaman status as a matter of law. The court held that a worker who is engaged in an occupation that is specifically included in the LHWCA (33 U.S.C. § 901 *et seq.*) is ineligible for Jones Act benefits. 812 F.2d at 982. 33 U.S.C. § 902(3) defines an employee to include

> "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor worker including a ship repairman, ship builder, and ship-breaker, but such term does not include ... a master or member of a crew of any vessel...."

The court in *Pizzitolo* stated that

> Although we have on occasion analyzed the question of whether an employee engaged in longshoring or ship repairing was a member of a crew of a vessel under the Robison test, we are persuaded that such an analysis is unnecessary if the employee is engaged in an occupation expressly enumerated in the act.

In this case, at the time of his injury, plaintiff was engaged in loading a vessel, the traditional duty of a longshoreman. Therefore, the court finds he was covered by the LHWCA and is ineligible for benefits under the Jones Act.

## JUDGMENT

For the written reasons assigned in the Memorandum Ruling of this date:

IT IS ORDERED that the motion for summary judgment filed by defendant Torch, Inc. is hereby GRANTED.

IT IS FURTHER ORDERED that all claims by plaintiff Cleveland Luke Thibodeaux, Jr. are DISMISSED WITH PREJUDICE.

Layfayette, Louisiana, November 28, 1987.