Larry BOYKIN, Appellant,

v.

William SALA, Appellee.

No. 04–82–00081–CV.

Court of Appeals of Texas, San Antonio.

July 14, 1982.

Terry A. Canales, Canales & Barrera, Alice, for appellant.

William Sala, Walter J. Passmore, McAllen, Homer E. Dean, Alice, for appellee.

Before KLINGEMÁN, BUTTS and CLARK, JJ.

## ORDER

BUTTS, Justice.

Relator petitions for a writ of mandamus ordering respondent, formerly the official court reporter for the 79th Judicial District Court of Brooks County, Texas, to prepare and deliver a free statement of facts in cause no. 16,920 filed in this appellate court and styled LARRY BOYKIN v. DEAN BAGLEY, JR. The writ of mandamus will issue.

The dates pertinent to this action are:

1. Trial court entered amended final judgment on June 15, 1981.
2. Notice of appeal given by Relator on July 15, 1981.
3. Affidavit of inability to give cost bond filed July 15, 1981.
4. Contested hearing on the affidavit of indigency on August 7, 1981. Relator's motion to proceed in forma pau-

peris was granted, and the trial court ordered the respondent to prepare the statement of facts without cost to the relator. Tex.R.Civ.P. 380 (Vernon 1967).

5. This Court of Appeals granted three extensions for time to file the statement of facts based on affidavits of the respondent, with time to file extended to February 15, 1982.

6. The last motion for extension of time to file, accompanied by relator's petition for mandamus, resulted in extension of time to file the statement of facts to April 1, 1982. The statement of facts has not been filed by respondent.

Respondent does not contest nor deny his duty to prepare the statement of facts. Although respondent has indicated he did mail the original statement of facts to this court with copies to the attorneys on appeal, the record of this court discloses no filing of the statement of facts.

■■■■ Without question, this Court of Appeals has original jurisdiction to issue "writs of mandamus . . . to enforce its jurisdiction." Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), Tex.R.Civ.P. 383 (Vernon Supp.1982). The extraordinary writ may properly issue only when there exists a legal duty of an officer of the State to perform a ministerial (non-discretionary) act. There must also be a demand and a refusal. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). Since a court reporter is an officer of the State, he is subject to the mandamus powers of this Court of Appeals. *City of Ingleside v. Johnson*, 537 S.W.2d 145, 150 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■■■■ A court reporter who has resigned or is no longer employed in that capacity has the continuing duty to prepare statements of facts in those cases in which he was the official court reporter. *Loflin v. Weiss*, 605 S.W.2d 377, 380 (Tex.Civ.App.—Corpus Christi 1980, no writ). Further, Tex.Rev.Civ.Stat.Ann. art. 2324 (Vernon Supp.1982) mandates that a court reporter "preserve all shorthand notes . . . for three full years." In the present case the fact that respondent is no longer a court reporter does not excuse his performance of that required duty. Respondent, although cognizant of this appeal and given every opportunity by this court, has refused to perform his legal duty to prepare a free statement of facts.

We direct the Clerk of this Court to issue a writ of mandamus commanding William Sala to prepare a complete statement of facts in narrative form, in duplicate, for cause number 2658 and styled DEAN BAGLEY v. LARRY BOYKIN, ET AL, in the 79th Judicial District Court of Brooks County, Texas, and deliver the same to this Court of Appeals on or before 4:00 p. m., October 1, 1982. This court, on its own motion, extends the date for filing the statement of facts in this Court to October 1, 1982.

All costs in this extraordinary proceeding are taxed against William Sala.

KLINGEMAN, J., not participating.