## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 15, 2004

Ms. Alicia G. Key
Administrative Director
Office of Court Administration
205 West 14th Street, Suite 600
Austin, Texas 78711-2066

Opinion No. GA-0164

Re: Whether court reporters who are full-time state employees may receive a fee for a transcript in addition to the court reporter's salary (RQ-0111-GA)

Dear Ms. Key:

You ask four questions regarding whether court reporters appointed pursuant to chapter 201 of the Family Code and who are full-time state employees may charge and retain fees for preparing transcripts.[1]

## I.    Background

You inform us that, pursuant to section 201.207 of the Family Code, the Office of Court Administration ("OCA") currently employs six court reporters who serve as court reporters for hearings conducted by associate judges for child protection cases pursuant to authority conferred by subchapter C of chapter 201 of the Family Code. *See* Request Letter, *supra* note 1, at 1. The court reporters are employed pursuant to the OCA's authority "to implement and administer this subchapter" and are considered to be state employees "for all purposes, including accrual of leave time, insurance benefits, and travel regulations." TEX. FAM. CODE ANN. § 201.207(a) (Vernon 2002). The court reporters, who are classified as "hearings reporters"[2] under the state classification system, take verbatim shorthand notes of testimony and statements made at hearings and trials of cases referred to associate judges by judges of courts of record. *See* Request Letter, *supra* note 1, at 1. Essentially, you wish to know whether the court reporters may, or must, charge and retain fees for preparing transcripts or, if they may not, whether the OCA may charge and retain such fees.

## II.    Relevant Law

In 1999, in response to what was perceived to be "an already overburdened court system," the legislature enacted Senate Bill 1735 ("S.B. 1735"), which, *inter alia*, authorized the appointment

---

[1]*See* Letter from Alicia G. Key, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Texas Attorney General (Sept. 24, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IX, IX-10, 2003 Tex. Gen. Laws 5023, 5879.

of associate judges by the presiding judge for each administrative judicial region for the more speedy and efficient adjudication of child protection cases. SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. S.B. 1735, 76th Leg., R.S. (1999) at 1; *see* Act of May 17, 1999, 76th Leg., R.S., ch. 1302, § 12, 1999 Tex. Gen. Laws 4448, 4451-52 (codified at TEX. FAM. CODE ANN. § 201.201 (Vernon Supp. 2004)). The bill added subchapter C to chapter 201 of the Family Code, which at subchapter A authorizes the appointment of associate judges by a judge of a court of record having jurisdiction of a suit under titles 1, 4, or 5 of the Family Code. These titles govern the marriage relationship, protective orders and family violence, and the parent-child relationship, respectively. *See* TEX. FAM. CODE ANN. § 201.001 (Vernon Supp. 2004). Additionally, subchapter B of chapter 201 authorizes the presiding judge of each administrative judicial region to appoint associate judges for the enforcement and collection of overdue child support. *See id.* § 201.101.

Chapter 201 does not create or authorize the creation of new or additional courts. Rather, it authorizes presiding judges to appoint associate judges, to whom judges of already-existing courts having jurisdiction over family law cases, including child protection cases, may refer any aspect of such cases. *See id.* § 201.005 (Vernon 2002). Associate judges under chapter 201 serve essentially as adjuncts to the referring courts and have broad authority regarding the conduct of a hearing, including making findings of fact on evidence, formulating conclusions of law, and recommending an order to be rendered in the case. *See id.* § 201.007 (Vernon Supp. 2004); *see also id.* §§ 201.204 (general powers of associate judge under subchapter C), .202 (Vernon 2002) (providing that subchapter A applies to associate judges under subchapter C unless otherwise provided by subchapter C). A recommendation of an associate judge under subchapter C becomes an order of the referring court by operation of law without ratification of the referring court unless the recommendation is appealed. *See id.* § 201.2041 (Vernon Supp. 2004); *see also id.* §§ 201.2042 (providing that section 201.015, which governs appeals of recommendations by associate judges to the judge's referring court, applies to appeals to referring judges under subchapter C), .015 (Vernon 2002) (providing for appeal of the associate judge's recommendation to the referring court).

Under subchapter C, the presiding judge of an administrative judicial region may appoint personnel as needed "to implement and administer the provisions of this subchapter," and the salaries of such personnel shall be paid from county funds or "from funds available from the state and federal governments as provided by this subchapter." *Id.* § 201.206(a)-(b). Section 201.009 expressly provides that in some circumstances a court reporter "may be provided" either by the associate judge, the referring judge, or a party and "is required to be provided" in others:

> (a) A court reporter may be provided during a hearing held by an associate judge appointed under this chapter. A court reporter is required to be provided when the associate judge presides over a jury trial or a final termination hearing.

> (b) A party, the associate judge, or the referring court may provide for a reporter during the hearing, if one is not otherwise provided.

> (c) The record may be preserved in the absence of a court reporter by any other means approved by the associate judge.

(d) The referring court or associate judge may tax the expense of preserving the record under Subsection (c) as costs.

(e) On appeal of the associate judge's report or proposed order, the referring court may consider testimony or other evidence in the record, if the record is taken by a court reporter, in addition to witnesses or other matters presented under Section 201.015.

*Id.* § 201.009.[3]

## III.    Analysis

### A.    Authority of a Court Reporter who is a Full-time State Employee to Impose a Fee for Preparing a Requested Transcript

You first ask whether a court reporter serving an associate judge under subchapter C of chapter 201 of the Family Code may impose a fee for preparing a transcript. In describing the status of the court reporters at issue, your request letter states:

These court reporters are not official court reporters because they are not appointed under Section 52.041 of the Government Code. We question, however, whether the nature of their duties and the circumstances of their appointments would require them to charge a fee under the provisions of Rule 35.3 and Section 52.047.

Request Letter, *supra* note 1, at 2.

Section 52.041 of the Government Code requires the judges of all courts of record to appoint official court reporters. *See* TEX. GOV'T CODE ANN. § 52.041 (Vernon 1998). The official or deputy court reporter "is responsible for preparing, certifying, and timely filing the reporter's record if . . . a notice of appeal has been filed; . . . the appellant has requested that the reporter's record be prepared; and . . . the party responsible for paying for the preparation of the reporter's record has paid

---

[3]For two reasons we believe that section 201.009 applies to subchapter C. First, section 201.202 of the code provides that "[e]xcept as provided by this subchapter, Subchapter A applies to an associate judge appointed under this subchapter." TEX. FAM. CODE ANN. § 201.202(a) (Vernon 2002). The only sections expressly falling within that exception are sections 201.001, 201.003, and 201.004. *See id.* §§ 201.001(e), .003(d), .004(d) (Vernon Supp. 2004) (each section providing that "[t]his section does not apply to an associate judge appointed under Subchapter B or C" (footnotes omitted)). Thus, section 201.009 applies to subchapter C. Second, prior to its amendment by S.B. 1735, the principal purpose of which was to add subchapter C to chapter 201, section 201.009 did not require the court reporter's presence during hearings then governed by that chapter. *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 240, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 1302, § 6, 1999 Tex. Gen. Laws 4448, 4449. S.B. 1735 amended section 201.009 to provide that court reporters may be provided in some instances and must be provided in others, including instances in which an associate judge presides over a jury trial or a final termination hearing. *See* Act of May 17, 1999, 76th Leg., R.S., ch. 1302, § 6, 1999 Tex. Gen. Laws 4448, 4449. Thus, but for the addition of subchapter C and the evident intent of the legislature that section 201.009 of the code apply to subchapter C, section 201.009 would not have needed to be amended.

the reporter's fee, or has made satisfactory arrangements with the reporter to pay the fee, or is entitled to appeal without paying the fee." Tex. R. App. P. 35.3(b). An official court reporter is permitted to charge a fee for preparing a requested transcript. *See* Tex. Gov't Code Ann. § 52.047 (Vernon 1998). Thus, if court reporters appointed pursuant to section 201.206 of the Family Code, who are required or provided for a hearing pursuant to section 201.009 of the code, are "official court reporters," then they may charge the fee authorized by section 52.047 of the Government Code. *See* Tex. Fam. Code Ann. §§ 201.009 (Vernon 2002), .206 (Vernon Supp. 2004); Tex. Gov't Code Ann. § 52.047 (Vernon 1998). Your first question presupposes that the court reporters at issue are not official court reporters because they are not appointed pursuant to section 52.041 of the Government Code. We disagree with your assumption because we believe that the court reporters serving under subchapter C of chapter 201 of the Family Code are official court reporters.

Court reporters and shorthand reporting firms are governed by chapter 52 of the Government Code. "Official court reporter" is defined by that chapter to mean "the shorthand reporter appointed by a judge as the official court reporter." Tex. Gov't Code Ann. § 52.001(3) (Vernon Supp. 2004). While it is correct that the court reporters at issue are not appointed under section 52.041 of the Government Code, they are appointed instead by presiding judges of the administrative regions under section 201.206 of the Family Code and, of course, serve at the pleasure of the officer appointing them. *See* Tex. Fam. Code Ann. § 201.206 (Vernon Supp. 2004). Thus, because they are appointed by a judge under section 201.206 of the Family Code, court reporters serving under subchapter C of chapter 201 of the Family Code are "official court reporters" for purposes of chapter 52 of the Government Code. Section 52.047 of the Government Code permits all official court reporters, not only court reporters appointed pursuant to section 52.041, to charge a fee for preparing requested transcripts; therefore, court reporters appointed under section 201.206 of the Family Code may charge such fees also. Neither the fact that associate judges whom the court reporters serve act not as judges of their own separate courts but rather as associate judges of already-existing courts, nor the fact that the associate judges and the court reporters are considered to be "state employees for all purposes" are of any moment. *See* Tex. Fam. Code Ann. § 201.207(a) (Vernon 2002).

Therefore, we conclude that court reporters appointed pursuant to section 201.206 of the Family Code, who are required or provided for a hearing pursuant to section 201.009 of the code, are "official court reporters" for purposes of section 52.001(3) of the Government Code and, therefore, may charge a fee for preparing a transcript pursuant to section 52.047 of the Government Code. We note that your first question is whether court reporters are "required" to charge fees for preparing transcripts. *See* Request Letter, *supra* note 1, at 2. Neither section 52.047 of the Government Code nor Rule of Appellate Procedure 35.3 requires the imposition of a fee; those provisions require payment of any fee imposed, except as specifically provided. *See* Tex. Gov't Code Ann. § 52.047 (Vernon 1998); Tex. R. App. P. 35.3(b).

**B.**      **Authority of a Court Reporter who is a Full-time State Employee to Retain a Transcript Fee for Preparing a Transcript**

Your second question is: "May a court reporter who is a full-time state employee receive a fee for the preparation of a transcript if the reporter prepares the transcript on her own time

by either doing so after business hours or taking annual leave?" *See* Request Letter, *supra* note 1, at 3. Your concern is prompted by the fact that section 201.207 of the Family Code expressly makes associate judges and all additional personnel appointed under subchapter C "state employees for all purposes, including accrual of leave time, insurance benefits, and travel regulations." TEX. FAM. CODE ANN. § 201.207(a) (Vernon 2002). At the same time, section 659.020 of the Government Code imposes limitations on compensation for state employees, specifically proscribing all salary supplements unless otherwise authorized by law. That section provides:

> A state employee employed by a state agency as defined by Section 658.001 whose position is classified under Chapter 654 or whose exempt position is funded by the General Appropriations Act may not receive a salary supplement from any source unless a specific grant of authority to do so is provided by the General Appropriations Act or other law.

TEX. GOV'T CODE ANN. § 659.020 (Vernon Supp. 2004). In your request letter you state:

> Because there is no grant of authority in the General Appropriations Act for them to do so, the OCA court reporters are prohibited by this statute from receiving a salary supplement. If the fee charged by a court reporter for preparation of a transcript is a "salary supplement," then OCA's court reporters are prohibited from receiving such a fee.

Request Letter, *supra* note 1, at 3.

The compensation scheme for official district court reporters contemplates a bifurcated arrangement in which district court reporters are entitled by statute to be paid a salary in addition to certain fees for the performance of specified additional responsibilities. *See* TEX. GOV'T CODE ANN. §§ 52.051(a) (Vernon 1998) (court reporters entitled to payment of salary in addition to certain fees), .047 (court reporters authorized to impose fees for preparing requested transcripts), .059 (court reporters authorized to impose fees for the taking of depositions). It is evident that the legislature did not intend for the term "salary," *see id.* § 52.051, to include payment for the performance of other tasks for which other specific statutory provisions authorize the imposition of fees. Analogously, under subchapter C of chapter 201 of the Family Code, the salaries of personnel appointed by the presiding judge of an administrative judicial region are to be "paid from county funds available for payment of officers' salaries subject to the approval of the commissioners court or from funds available from the state and federal governments." TEX. FAM. CODE ANN. § 201.206(b) (Vernon Supp. 2004). In addition, court reporters serving under subchapter C of chapter 201, like all court reporters, are authorized to impose fees for the performance of additional tasks or duties. *See* TEX. GOV'T CODE ANN. §§ 52.047, .059 (Vernon 1998). Under neither chapter 52 of the Government Code nor chapter 201 of the Family Code did the legislature intend for the retention of fees whose imposition expressly is authorized by law to constitute "salary." Therefore, we conclude that retention of the authorized fees by the court reporters serving under subchapter C of chapter 201 of the Family Code does not constitute a "salary supplement" for purposes of section 659.020 of the Government Code.

We also note that, even if we were to consider such fees to be "salary supplements" under section 659.020 of the Government Code, section 52.047 of that code is itself "other law" that furnishes sufficient authority for the retention of fees. *See id.* §§ 52.047 (Vernon 1998), 659.020 (Vernon Supp. 2004). Section 52.047 provides that a person may apply for a transcript in a case reported by an official court reporter "and the reporter shall furnish the transcript *on payment of the transcript fee* or as provided by Rules 40(a)(3) or 53(j),[4] Texas Rules of Appellate Procedure." *Id.* § 52.047(a) (emphasis added). The person requesting the transcript may object to the fee imposed by the court reporter; in that event, the judge determines a reasonable fee. *See id.* § 52.047(b). On payment of the transcript fee, the person requesting the transcript is entitled to the original and one copy of the transcript. *See id.* § 52.047(c). The court reporter "may charge an additional fee for: (1) postage or express charges; (2) photostating, blueprinting, or other reproduction of exhibits; (3) indexing; and (4) preparation for filing and special binding of original exhibits." *Id.* § 52.047(d). Again, the person requesting the transcript may object to the additional fees charged; in that event the judge determines a reasonable fee. *See id.* § 52.047(e). And finally, "[i]f the official court reporter *charges* an amount that exceeds a fee set by the judge, the reporter *shall refund the excess* to the person to whom it is due on demand filed with the court." *Id.* § 52.047(f) (emphasis added). If it is not clear from a reading of section 52.047 of the Government Code that the section authorizes a court reporter imposing the fee to also retain that fee, it is clear from a reading of cases that construe that section. *See, e.g., Holloway v. Butler,* 828 S.W.2d 810 (Tex. App.–Houston [1st Dist.] 1992, writ denied); *Hatch v. Davis,* 621 S.W.2d 443 (Tex. Civ. App.–Corpus Christi 1981, writ ref'd n.r.e.); *In re Johnson,* 554 S.W.2d 775 (Tex. Civ. App.–Corpus Christi 1977, writ ref'd n.r.e.).

Therefore, official court reporters serving under subchapter C of chapter 201 of the Family Code may retain fees imposed pursuant to section 52.047 of the Government Code, without thereby violating the statutory proscription against salary supplementation set out in section 659.020 of the Government Code.

## C.    Preparation of Transcripts by Court Reporters During a Normal Business Day

As we have noted, a court reporter who is serving an associate judge under subchapter C of chapter 201 of the Family Code is an "official court reporter" for purposes of section 52.047 of the Government Code and may therefore charge and retain a fee for preparing requested transcripts. Unlike official court reporters serving state district courts who are considered employees of the district or county in which they are employed, *see* TEX. GOV'T CODE ANN. § 52.051 (Vernon 1998), official court reporters serving under subchapter C of chapter 201 of the Family Code are state employees "for all purposes, including accrual of leave time, insurance benefits, retirement benefits, and travel regulations." TEX. FAM. CODE ANN. § 201.207(a) (Vernon 2002). Because full-time state employees are required to work 40-hour weeks, *see* TEX. GOV'T CODE ANN. §§ 658.001(a) (Vernon Supp. 2004) (defining "full-time employee" of state as one who is required to work 40-hour weeks,

---

[4]Rule 40(a)(3) of the Texas Rules of Appellate Procedure, adopted in 1986, was amended in 1997 and is now Rule 20.1. Rule 53(j), also adopted in 1986, was amended in 1997 and is now Rule 20.2. *See* TEX. R. APP. P. 20.1-.2; TEX. GOV'T CODE ANN. §§ 22.004, .108 (Vernon Supp. 2004) (authority of Texas Supreme Court and Texas Court of Criminal Appeals to adopt rules of appellate procedure).

except as provided); .002 (Vernon 1994) (providing salaried full-time state employees are required to work 40-hour weeks), your third question is whether court reporters serving under subchapter C of chapter 201 of the Family Code must prepare requested transcripts on their own time by doing so either "after normal business hours or by taking annual leave," or whether they may be prepared during normal business hours. *See* Request Letter, *supra* note 1, at 3.

Your question presupposes that the preparation of transcripts by official court reporters does not involve responsibilities imposed by statute; rather, you consider such preparation akin to outside employment in which an employee engages only on his own time, and not during regular business hours. Presumably, you make this assumption because preparing transcripts occurs only upon request of a private person, typically a party to the litigation who also pays for such preparation. However, preparing transcripts upon request expressly is one of the statutory responsibilities of official court reporters, *see* TEX. GOV'T CODE ANN. § 52.047 (Vernon 1998), whose performance may be compelled by writ of mandamus, *see, e.g., Wolters v. Wright,* 623 S.W.2d 301 (Tex. 1981); *O'Neal v. Stovall,* 580 S.W.2d 130 (Tex. Civ. App.–Austin 1979, no writ); *City of Ingleside v. Johnson,* 537 S.W.2d 145 (Tex. Civ. App.–Corpus Christi 1976, no writ), even in instances in which the court reporter has since resigned or is no longer employed by the court. *See, e.g., Boykin v. Sala,* 636 S.W.2d 590 (Tex. App.–San Antonio 1982, no writ); *Loflin v. Weiss,* 605 S.W.2d 377 (Tex. Civ. App.–Amarillo 1980, no writ). Therefore, we conclude that court reporters may perform, and indeed should perform during normal business hours those tasks or responsibilities imposed upon them by statute, including preparing requested transcripts.

We note that, typically, court reporters serve the judges who appoint them, rather than work traditional 40-hour-per-week jobs; their jobs are described in terms of the tasks or duties to be performed, not the number of required hours. *See* Tex. Att'y Gen. Op. No. JM-1083 (1989) at 4. Trial court judges are required to "ensure that the court reporter's work is timely accomplished by setting work priorities," with the "reporter's duties relating to proceedings before the court tak[ing] preference over other work." TEX. R. APP. P. 13.3 (priorities of reporters); *see also Wolters,* 623 S.W.2d at 304 n.3; TEX. R. APP. P. 13.4 (report of reporter's workload provided to judge). Thus, in any specific instance, the work priorities undertaken by a court reporter at the direction of an overseeing judge are matters of the judge's discretion.

Because of our answers to your previous questions, we need not answer your fourth question.

## S U M M A R Y

A court reporter serving under subchapter C of chapter 201 of the Family Code is an "official court reporter" for purposes of section 52.047 of the Government Code and may therefore charge a fee for preparing transcripts. Because such fees are not considered to be salary supplements, retention of such fees is not a violation of section 659.020 of the Government Code, which prohibits a state employee from receiving a salary supplement. Because preparing requested transcripts is a responsibility of official court reporters imposed by statute, a court reporter serving under subchapter C of chapter 201 of the Family Code may prepare such transcripts during normal business hours, rather than be required to prepare such transcripts after normal business hours or by taking annual leave.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Jim Moellinger
Assistant Attorney General